UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61754-CIV-SMITH

YELLOW STRAWBERRY CCDR, INC.,

      Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss [DE 3], Plaintiff's Response in Opposition [DE 11], and Defendant's Reply [DE 13]. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED**.

## I.  BACKGROUND

This case arises from an insurance dispute involving the COVID-19 pandemic. Plaintiff Yellow Strawberry CCDR, Inc. owns and operates a hair salon in Lakewood Ranch, Florida. (Compl. [DE 1-2 at 5] ¶ 3.) Plaintiff purchased from Defendant a commercial property insurance policy, Policy Number 6011666645, [DE 1-2 at 21] (the "Policy") covering a one-year period commencing on September 1, 2019. (Compl. ¶ 5.) The Policy identifies the insured property located at 8215 Natures Way, Lakewood Ranch, Florida 34202 (the "Salon"). (DE 1-2 at 29.)

Under the Business Income and Extra Expense Endorsement, the Policy states, in relevant part, that:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The

> "suspension" must be caused by a *direct physical loss of or damage to* property at the described premise. The loss or damage must be caused by or result from a Covered Cause of Loss.

(DE 1-2 at 60 (*emphasis added*).)  The Policy defines a "suspension" as the "partial or complete cessation of [Plaintiff's] business activities; or [t]hat a part or all of the described premises is rendered untenantable."  (DE 1-2 at 57.)  The Policy defines "operations" as "the type of your business activities occurring at the described premises and tenantability of the described premises."

(DE 1-2 at 55.)  Under the Civil Authority Endorsement, the Policy states, in relevant part, that:

> When the Declarations show that you have coverage for Business Income and Extra Expenses, you may extend that insurance to apply to the actual loss of Business Income you sustain and reasonable and necessary Extra Expense you incur caused by action of civil authority that prohibits access to the described premise. The civil authority action must be due to *direct physical loss of or damage to property* at locations, other than described premise, caused by or resulting from a Covered Cause of Loss.

(DE 1-2 at 86 (*emphasis added*).)

Plaintiff alleges that the COVID-19 pandemic and certain state and federal government orders issued in response to the COVID-19 pandemic had a devastating impact on Plaintiff's business.  (Compl. ¶¶ 7-11.)  Specifically, Plaintiff identifies the "30 Days to Slow the Spread" guidance issued on March 16, 2020 by the federal government, which advised individuals to adopt various social distancing measure.  (*Id.* ¶ 7.)  Plaintiff also identified two executive orders issued by Governor Ron DeSantis.  On March 30, 2020, Governor DeSantis issued Executive Order 20-89, restricting public access to businesses and facilities deemed non-essential in Miami-Dade, Broward, Palm Beach, and Monroe Counties.  (*See id.* ¶ 9.)  On April 1, 2020, Governor DeSantis issued Executive Order 20-91, restricting individuals' movements and personal interactions outside of their homes to only those interactions necessary to obtain or provide essential services or conduct essential activities.  (*See id.* ¶ 10.)  Plaintiff alleges that, because of the measures put

in place by civil authorities, Plaintiff was forced to close its premises to the public and cease or substantially reduce its business operations.  (*Id*. ¶ 46.)

On March 31, 2020, Plaintiff filed a notice with Defendant, providing details regarding the alleged loss of business income and permitting Defendant the opportunity to investigate.  (*Id.* ¶ 16.)  Plaintiff requested that Defendant pay all benefits owed under the Policy for the alleged loss caused by suspension of business operations.  (*Id.*)  On May 6, 2020, Defendant denied Plaintiff's claim.  (*Id.* ¶ 17.)  In correspondence dated May 6, 2020, Defendant referenced, in part, both the Business Income and Extra Expenses Form and the Civil Authority Endorsement.  (*See* DE 1-2 at 183.)  Defendant stated that the Policy does not provide coverage for Plaintiff's claim because the alleged loss from suspension of business operations was not caused by a "direct physical loss of or damage to property." (*Id.* at 184-86.)  Plaintiff filed a Civil Remedy Notice of Insurer Violations ("CRN") [DE 1-2 at 189].  (Compl. ¶ 18.)  On July 7, 2020, Defendant responded to the CRN, again stating that the Policy does not provide coverage for the alleged loss.  (DE 1-2 at 195.)

On July 27, 2020, Plaintiff filed its Complaint against Defendant in Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  In Count I, Plaintiff seeks a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,[1] concerning Plaintiff's rights under the Policy.  In Count II, Plaintiff alleges a cause of action for breach of contract.  Plaintiff identifies the Business Income and Extra Expense Endorsement and the Civil Authority Endorsement as the provisions under the Policy Defendant alleged breached.  (*Id.* ¶¶ 40-49.)  In Count III, Plaintiff alleges a bad faith cause of action in violation of section 624.155,

---

[1]  When a claim seeking relief under Florida's Declaratory Judgment Act is removed from state court to federal court, the district court construes such claim as an action for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  *Cafe La Trova, LLC v. Aspen Specialty Ins. Co*., No. 20-22055-CIV-ALTONAGA, 2021 U.S. Dist. LEXIS 28227, at *8 (S.D. Fla. Feb. 16, 2021) (citing *Garden Aire Vill. Condo. Ass'n Inc. v. QBE Ins. Corp.*, 774 F. Supp. 2d 1224, 1227 (S.D. Fla. 2011)).

Florida Statutes. On August 28, 2020, Defendant removed the lawsuit to federal court. Defendant now seeks to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.     STANDARD

### A.     Rule 12(b)(6)

In order to state a claim for relief, Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not rest on "'naked assertions[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of plaintiff. *See United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, this tenet does not apply to legal conclusions, and courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)); *see Iqbal*, 556 U.S. at 678. Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 05 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 682). A court

considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  The Eleventh Circuit has endorsed "a two-prong approach in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitled relief.'"  *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 679)).

### B.    Florida Contract Law

This case was removed from state court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Therefore, the Court applies the substantive law of Florida as the forum state. *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co., LLC,* 601 F.3d 1143, 1148 (11th Cir. 2010).  Under Florida law, interpretation of an insurance contract is a matter of law to be decided by the court. *Mama Jo's, Inc. v. Sparta Ins. Co.,* 823 F. App'x 868, 878 (11th Cir. 2020).  In determining coverage under an insurance policy, courts look at the policy in its entirety and are required to give "every provision its full meaning and operative effect."  *State Farm Fire & Cas. Co. v. Steinberg,* 393 F.3d 1226, 1230 (11th Cir. 2004).  Florida law requires that the plain and unambiguous language of the policy controls.  *See Swire Pac. Holdings, Inc. v. Zurich Ins. Co.,* 845 So. 2d 161, 165 (Fla. 2003).  Only if the language is susceptible to more than one reasonable interpretation, "one providing coverage and the other limiting coverage," will the court resolve the ambiguity, construing the policy to provide coverage.  *Interline Brands, Inc. v. Chartis Specialty Ins., Co.* 749 F.3d 962, 965 (11th Cir. 2014) (quoting *Taurus Holdings, Inc. v. U.S. Fidelity & Guar. Co.,* 913 So. 2d 528, 532 (Fla. 2005)).  However, interpreting the contract language is necessary, and the act of interpreting does not impute ambiguity to its terms.  *Id.*  A party claiming coverage generally

bears the burden of proof to establish that coverage exists.  *Mama Jo's*, 823 F. App'x at 879 (citing *U.S. Liab. Ins. Co. v. Bove,* 347 So. 2d 678, 680 (Fla. 3d DCA. 1977)).  "[A]n 'all-risk' policy is not an 'all loss' policy,' and thus does not extend coverage for every conceivable loss."  *Id.* (quoting *Sebo v. Am. Home Assurance Co.,* 208 So. 3d 694, 696-97 (Fla. 2016)).

"[I]nsurance coverage must be construed broadly and its exclusions narrowly."  *Evanston Ins. Co. v. Budget Grp. Inc.,* 199 F. App'x 867, 868 (11th Cir. 2006).  Policies "are to be construed most strongly against the insurer and liberally in favor of the insured."  *Id.* (citing *Harnett v. Southern Ins. Co.*, 181 So. 2d 524, 528 (Fla. 1965)).  Accordingly, exclusionary clauses restricting the insured's coverage are generally disfavored.  *Hartford Acc. & Indem. Co. v. Beaver,* 466 F.3d 1289, 1296 (11th Cir. 2006).

## III.   DISCUSSION

Defendant seeks to dismiss the Complaint for failure to state a claim.  Defendant argues that, under the Policy, Plaintiff can only recover if Plaintiff shows a "direct physical loss of or damage to" Plaintiff's Salon or if a governmental order issued because of "direct physical loss of or damage to" property other than the insured property prohibited access to Plaintiff's Salon.  Specifically, Defendant first argues that Plaintiff's claim for coverage under the Business Income and Extra Expense Endorsement fails because the plain language of the Policy states that coverage applies only where the suspension of business operations is caused by "direct physical loss of or damage to" the insured property, and Plaintiff has failed to allege that the insured property sustained any direct physical loss or damage.  Second, Defendant argues that Plaintiff's claim for coverage under the Civil Authority Endorsement fails because the plain language of the Policy states that coverage applies only where a civil order was issued because of "direct physical loss of or damage to property" at locations other than the insured property and the civil order prohibited

access to the insured property. Defendant argues that Plaintiff has failed to include such allegations in the Complaint.

### A.   The Complaint Fails to Allege Facts Sufficient to Claim Coverage under the Business Income or Extra Expense Endorsement

The Business Income or Extra Expense Endorsement explicitly states that the suspension of business operations "must be caused by a direct physical loss of or damage to" the insured property. (DE 1-2 at 60.) Thus, in order to trigger coverage under the Business Income and Extra Expense Endorsement, the Plaintiff must show that the loss of business income sustained was due to a necessary suspension of operations caused by a "direct physical loss of or damage to" the Salon. The Policy does not define "direct physical loss or damage." However, the Eleventh Circuit considered the definition of the phrase "direct physical loss" in *Mama Jo's, Inc. v. Sparta Insurance Co.*, 823 F. App'x 868 (11th Cir. 2020). In *Mama Jo's,* an insured restaurant filed a claim for costs incurred to clean their restaurant and for loss of business income after debris and dust from nearby construction fell onto and into the restaurant. *Id.* at 871-72. On appeal, the Eleventh Circuit applied Florida law to interpret the phrase "direct physical loss" contained within an "all risk" insurance policy. *Id.* 878-79. The Eleventh Circuit explained that the terms "'direct' and 'physical' modify loss and impose the requirement that the damage to be actual." *Id.* at 879. "'Direct physical loss' therefore 'excludes alleged losses that are intangible or incorporeal' including 'when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property.'" *Cafe La Trova LLC,,* 2021 U.S. Dist. LEXIS 28227, *20 (quoting *Mama Jo's, Inc. v. Sparta Ins. Co.*, No. 17-cv-23362, 2018 U.S. Dist. LEXIS 201852, at *9 (S.D. Fla. June 11, 2018)). Under Florida law, loss of use of property for its intended purpose does not constitute "direct physical loss." *Id.* (citing *Atma Beauty, Inc. v. HDI Global Specialty SE,* No. 1:20-cv-21745, 2020 U.S. Dist. LEXIS 243999, at *9 (S.D. Fla.

Dec. 2020) ("While Plaintiff argues that a loss of functionality of, access to, or intended use of the [property] constitutes physical loss or damage, it is not supported by the plain language of the Policy or Florida law."); *SA Palm Beach LLC v. Certain Underwriters at Lloyd's, London*, No. 9:20-cv-80677-UU, 2020 U.S. Dist. LEXIS 251178, at *15 (S.D. Fla. Dec. 9, 2020) (finding no direct physical loss where plaintiff alleged that it was "unable to use [its] property for its intended purpose"); *Malaube, LLC v. Greenwich Ins. Co.*, No. 20-22615-Civ, 2020 U.S. Dist. LEXIS 156027, at *23 (S.D. Fla. Aug. 26, 2020) (rejecting plaintiff's argument that policy provided coverage for temporary inability to use restaurant for indoor dining due to government orders relating to COVID-19 because the property did not suffer any "tangible, actual, or physical" harm)). Accordingly, Plaintiff must allege actual, physical damage to its insured property in order to claim coverage under the Policy.

In the present situation, Plaintiff has not alleged that the suspension of its business operations was caused by a direct physical loss of or damage to the Salon. Rather, Plaintiff alleges that the COVID-19 pandemic and the government orders issued in response to the pandemic caused the suspension of its operations and resulted in economic loss. Accordingly, Plaintiff has failed to allege facts sufficient to show that Plaintiff would be entitled to coverage under the Business Income and Extra Expense Endorsement of the Policy.

The phrase "direct physical loss or damage to" has been at the center of litigation in a growing number of lawsuits relating to insurance disputes and the pandemic. The majority of state and federal courts in Florida and around the country that have considered this issue have almost uniformly held that economic losses resulting from the COVID-19 pandemic are not covered under all-risk insurance policies with language identical or similar to that in the Policy at issue in this case, because such losses were not caused by direct physical loss of or damage to the insured

property.  *See Town Kitchen LLC v. Certain Underwriters at Lloyd's,* No. 20-22832-CIV-MOENO, 2021 U.S. Dist. LEXIS 36191, at *13 (S.D. Fla. Feb. 26, 2021); *see, e.g., Emerald Coast Rests., Inc. v. Aspen Specialty Ins. Co.*, No. 20-cv-5898, 2020 U.S. Dist. LEXIS 246518, at *2 (N.D. Fla. Dec. 18, 2020); *Rococo Steak, LLC v. Aspen Specialty Ins. Co.,* No. 8:20-cv-2481-VMC-SPF, 2021 U.S. Dist. LEXIS 15191, at *16 (M.D. Fla. Jan. 27, 2021) (quoting *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London*, 489 F. Supp. 3d 1303, 1308 (M.D. Fla. Sept. 28, 2020) ("there is simply no coverage for loss of business due to COVID-19 under policies if the policies require 'direct physical loss of or damage' to property."); *Carrot Love, LLC v. Aspen Specialty Ins. Co.,* No. 20-23586-CIV-SCOLA, 2021 U.S. Dist. LEXIS 6060 (S.D. Fla. Jan. 13, 2021); *MENA Catering, Inc. v. Scottsdale Ins. Co.,* No. 20-cv-23661, 2021 U.S. Dist. LEXIS 4326, at *18 (S.D. Fla. Jan. 11, 2021) ("There is no 'direct physical loss' where the alleged harm consists of the mere presence of the virus on the physical structure of the premises."); *Sun Cuisine, LLC v. Certain Underwriters at Lloyd's London*, No. 20-cv-21827, 2020 U.S. Dist. LEXIS 242587, at *9-10  (S.D. Fla. Dec. 28, 2020) ("Plaintiffs allegations provide the Court no reason to deviate from the prevailing consensus in this Circuit and others regarding business interruption claims arising from the COVID-19 pandemic" that such claims "do not plausibly show direct physical loss or damage to" to property); *El Novillo Rest. v. Certain Underwriters at Lloyd's London*, No. 20-cv-21525, 2020 U.S. Dist. LEXIS 233994, at *16 (S.D. Fla. Dec. 7, 2020) ("federal district courts through the country have dismissed substantially similar COVID-19 related lawsuits for failing to state a claim for business income coverage" where the policy required proof of "direct physical loss of or damages to property.").

**B.   The Complaint Fails to Allege Facts Sufficient to Claim Coverage under the Civil Authority Endorsement**

Similar to the Business Income and Extra Expense Endorsement, the Civil Authority Endorsement explicitly states that coverage shall apply where a civil authority issues an order because of "direct physical loss of or damage to property" at a location other than the insured property, and that civil order prohibited access to the insured property.  (DE 1-2 at 68.)  Thus, in order to trigger coverage under the Civil Authority Endorsement, Plaintiff must allege that a civil authority issued an order that prohibited access to Plaintiff's insured property and that the order was issued because of "direct physical loss or damage to property" at a location other than the Salon.

While Plaintiff does allege that civil authorities issued an order that prohibited potential customers from accessing Plaintiff's Salon, Plaintiff has not alleged that said order was issued in response to any "direct physical loss or damage to property" at a location other than Plaintiff's Salon.  Rather, Plaintiff alleges that the orders issued by both state and federal government were issued in response to the COVID-19 pandemic.  *See Cafe Int'l Holding Co., LLC v. Westchester Surplus Lines Ins. Co.,* No. 20-21641-CIV, 2021 U.S. Dist. LEXIS 86454, at *33-35 (S.D. Fla. May 4, 2021); *Mena Catering*, 2021 U.S. Dist. LEXIS 4326, at *7; *El Novillo Rest.*, 2020 U.S. Dist. LEXIS 233994, at *7.  Accordingly, Plaintiff has failed to allege facts sufficient to show that Plaintiff would be entitled to coverage under the Civil Authority Endorsement of the Policy.

**C.   Declaratory Judgment Cause of Action is Duplicative and Fails to State an Actionable Claim**

Plaintiff seeks a declaratory judgment stating that there is coverage for its alleged losses under the Policy.  The Declaratory Judgment Act, 28 U.S.C. § 2201, provides, in part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare

the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The "case of actual controversy" must be (1) "definite and concrete, touching the legal relations of parties having adverse legal interests"; (2) "real and substantial"; and (3) "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what that law would be upon hypothetical state of facts."  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id.*  "Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim.  Such claims for declaratory judgment must be forward-looking, rather than retrospective, as any retrospective declaration would be equally solved by resolution of the breach of contract claim."  *Mena Catering,* 2021 U.S. Dist. LEXIS 4326, at *31 (quoting *Garcia v. Scottsdale Ins. Co.*, No. 18-20509-Civ-Scola, 2018 U.S. Dist. LEXIS 117568, at *6 (S.D. Fla. Jul. 16, 2018)).  Declaratory judgment claims that functionally seek adjudication of the merits of a breach of contract claim are duplicative and cannot stand.  *Id.* "A court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication of the merits of the breach of contract claim."  *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co.*, No. 11-21163-CIV-GOODMAN, 2012 U.S. Dist. LEXIS 57041, at *5 (S.D. Fla. Apr. 24, 2012).

Here, the Court finds that an actual controversy does not exist under the Policy.  Contrary to Plaintiff's arguments regarding ambiguity in the Policy's terms, the language is clear and unambiguous.  As explained above, based on the allegations contained within the Complaint,

Plaintiff is not entitled to coverage under the Policy. Moreover, Plaintiff's claim for declaratory relief is duplicative with Plaintiff's claim for breach of contract. Plaintiff's claim, in essence, is that judicial interpretation of the Policy could result in coverage for the same alleged loss that forms the basis of Plaintiff's breach of contract claim. *See Mauricio Martinez, DMD, P.A. v. Allied Ins. Co. of Am.*, 483 F. Supp. 3d 1189, 1192 (M.D. Fla. 2020). Accordingly, because Plaintiff's declaratory judgment claim is duplicative and an actual controversy does not exist, Plaintiff's claim for declaratory judgment must be dismissed. *See id.* ("Because the breach-of-contract claim is dismissed, no controversy exists.")

## IV.   CONCLUSION

In sum, Plaintiff has failed to allege facts sufficient to show that Plaintiff would be entitled to relief for the claims alleged in the Complaint. Accordingly, it is

**ORDERED** that:

1. Defendant's Motion to Dismiss [DE 3] is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED**.

3. The case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 14th day of May, 2021.

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record